**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK CANTRELL, | No. 09-16284 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-02106-FJM |
| v. | |
| JOSEPH M. ARPAIO, Sheriff; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted March 16, 2010[**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Jack Cantrell, a former Arizona pretrial detainee, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PDM/Research

of the Eighth and Fourteenth Amendments.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo the district court's summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and its dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We may affirm on any basis supported by the record, *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001), and we affirm.

The district court properly granted summary judgment on Cantrell's excessive force claim against Defendant Burke because Cantrell failed to raise a genuine issue of material fact as to whether Burke's actions of handcuffing Cantrell and raising his arms were objectively unreasonable in light of the circumstances.  *See Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003) (explaining that for a pretrial detainee's excessive force claims, the question is whether the defendant's actions are "objectively reasonable" in light of the facts and circumstances, without regard to underlying intent or motivation); *see also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197-98 (9th Cir. 2002) (explaining that the "nature and quality of the intrusion" on a pretrial detainee's rights is considered when evaluating an excessive force claim).

The district court properly granted summary judgment on Cantrell's Eighth

Amendment claims regarding his fear of his cellmate, and alleging that the conditions of his confinement constituted deliberate indifference to his health and safety, because Cantrell did not demonstrate the "subjective prong" of deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994) ("[A] prison official cannot be found liable [for deliberate indifference] unless the official knows of and disregards an excessive risk to inmate health or safety.").

The district court properly dismissed the claims against Sheriff Arpaio for failure to state a claim because Cantrell failed to allege that Arpaio enacted or enforced a particular policy, custom, or practice that resulted in denial of Cantrell's constitutional rights. *See Shah v. County of Los Angeles*, 797 F.2d 743, 746-47 (9th Cir. 1986); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face"). Moreover, the district court did not abuse its discretion by denying Cantrell's motion to amend his complaint to reallege the same allegations against Arpaio. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (setting forth standard of review and explaining that "[f]utility alone can justify the denial of a motion to amend") (citation and internal quotation marks omitted).

Cantrell's remaining contentions are unpersuasive.

**AFFIRMED.**